IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL M. QUINN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2024 CV 02300 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| ) | |
| HOFFMAN ESTATES POLICE ) | |
| DEPT., ) | |
| ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.     Background**

*Pro se* Plaintiff Daniel M. Quinn brings this action against the Hoffman Estates Police Department (Dkt. 1). The Village of Hoffman Estates, Officer Fernando Ortiz, Officer Nicholas Boulahanis, Officer Joseph Meyer, Officer Timothy Kubat, and Officer Philip Giacone filed a joint motion to dismiss Plaintiff's complaint (Dkt. 20). For the following reasons, the Court grants the motion with prejudice.

On July 31, 2023, Plaintiff filed a complaint in the Circuit Court of Cook County against the "Hoffman Estates Police Department," alleging that he was injured during his arrest on July 8, 2021 (the "Cook County Action"). *Quinn v. Hoffman Estates Police Dep't*, Case No. 2023 L 007552 (Ill. Cir. Ct.). Shortly thereafter, Plaintiff filed an amended complaint in the Cook County Action against the Hoffman Estates Police Department, Officer Fernando Ortiz, Officer Nicholas Boulahanis, Officer Joseph Meyer, Officer Timothy Kubat, and Officer Philip Giacone. The two-count amended complaint alleged that these defendants had engaged in battery and intentional infliction of emotional distress during Plaintiff's arrest on July 8, 2021, when officers allegedly punched Plaintiff in the back.

On February 20, 2024, the Circuit Court of Cook County dismissed Plaintiff's claims in their entirety with prejudice pursuant to 735 ILCS 5/2-619(a)(5), as barred by the statute of limitations. Plaintiff did not appeal.

Plaintiff thereafter filed a "Complaint for Violation of Constitutional Rights" with this Court, adding "Notice of Removal" to the title of the document, and attaching as an exhibit his amended complaint in the Cook County Action. (Dkt. 1.) Plaintiff names "Hoffman Estates Police Department" as the sole defendant, and alleges that on July 8, 2021 at approximately 7:30 P.M., Plaintiff was arrested in Hoffman Estates, Illinois, falsely accused of "road raging … where a man with visible tattoos got out the car and displayed a gun to a motorist," and punched in the back while being handcuffed. (*Id.*) Criminal proceedings against Plaintiff were eventually terminated.

On November 4, 2024, the Village of Hoffman Estates, Officer Fernando Ortiz, Officer Nicholas Boulahanis, Officer Joseph Meyer, Officer Timothy Kubat, and Officer Philip Giacone jointly filed a motion to dismiss Plaintiff's complaint.[1] (Dkt. 20.) The Court held oral argument on the motion to dismiss on January 13, 2025. Plaintiff neither appeared nor contacted the Court.

## II. Discussion

The Court concludes that Plaintiff's action is barred by *res judicata*. A finding of *res judicata* requires: "(1) a final judgment on the merits in an earlier action, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or privies in the two suits." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 913 (7th Cir. 1993); *Nowak v. St. Rita High Sch.*, 757 N.E.2d 471, 477

---

[1] Defendant Village of Hoffman Estates states in its motion that Plaintiff mistakenly identified it by the incorrect name, "Hoffman Estates Police Department." (Dkt. 20 at 1.) In any event, Plaintiff filed this action against a sole defendant. The Court is perplexed as to the joint nature of the motion to dismiss, as none of the individual officers named as defendants in the Cook County Action are named defendants in the action currently before this Court and no attorney has made an appearance on behalf of any of the individual officers. Resultingly, the Court strikes all references to the collective nature of the motion to dismiss. *See* L.R. 5.6 ("No pleading, motion [except for motion to intervene], or other document shall be filed in any case by any person who is not a party thereto, unless approved by the court.").

(Ill. 2001). "The *res judicata* effect of a state-court judgment upon a subsequent § 1983 action is a matter of state law." *Rooding v. Peters*, 92 F.3d 578, 580 (7th Cir. 1996).

All three elements are met here. First, the state court's dismissal of the Cook County Action with prejudice as barred by the statute of limitations was a final judgment on the merits. *See Knodle v. Jeffrey*, 545 N.E.2d 1017, 1022 (Ill. App. Ct. 1989) ("In Illinois, a State court order dismissing a suit with prejudice is considered a final judgment on the merits for purposes of applying *res judicata*."). Plaintiff did not appeal the judgment within the prescribed timeline, *see* Ill. Sup. Ct. R. 303, rendering it final.

Second, there is an identity of cause of action between the claims brought in the Cook County Action and the claims asserted in this Court. Illinois applies the transactional test, which provides that two suits state identical causes of action for purposes of *res judicata* "if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 893 (Ill. 1998). Plaintiff's allegations concerning his July 8, 2021 arrest and resulting injuries in the Cook County Action are nearly identical in substance to, and based on the same facts as, those alleged here.

Third, the Court considers whether there is an identity of parties or privies in the state action and the present one. Defendant is incorrect that the present case involves "the exact same defendants" as those named in the Cook County Action. (Dkt. 20 at *7-8.) Plaintiff filed this action against a sole defendant, while the Cook County Action named six defendants. Notwithstanding, "[w]here the issues in separate suits are the same, the fact that the parties are not precisely identical is not necessarily fatal … A judgment is *res judicata* in a second action upon the same claim between the same parties or those in privity with them." *TRW, Inc. v. Ellipse Corp.*, 495 F.2d 314, 317 (7th Cir. 1974) (quoting *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402 (1939)). Here, the Village of Hoffman Estates and Officers Ortiz, Boulahanis, Meyer, Kubat, and Giacone, all of whom Plaintiff sued in their official

3

capacities in the Cook County Action, are in privity, and thus the third element of *res judicata* is satisfied. *See Green v. Illinois Dep't of Transp.*, 609 F. Supp. 1021, 1024 (N.D. Ill. 1985) (holding that a government agency and its employees are in privity for *res judicata* purposes).

### III.     Conclusion

For the reasons stated above, the Court concludes that Plaintiff's action is barred by *res judicata* and accordingly grants Defendant Village of Hoffman Estates's motion to dismiss with prejudice. Case terminated.

**IT IS SO ORDERED.**

_____
Sharon Johnson Coleman
United States District Judge

DATED: 1/27/2025

4